UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
CIVIL ACTION NO. 1:23-CV-00897-LCB-JLW

| | | |
|---|---|---|
| STACIE MCLEAN,<br><br>Plaintiff,<br><br>v.<br><br>LIBERTY MUTUAL GROUP, INC.<br><br>Defendant. | ) ) ) ) ) ) ) ) ) ) ) | **DEFENDANT'S RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES** |

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendant Liberty Mutual Group Inc. ("Defendant" or the "Company"), which has been identified incorrectly by Plaintiff, submits its responses and objections to Plaintiff's First Set of Interrogatories to Defendant, as follows:

## I. PREFATORY STATEMENTS

1. Defendant objects generally to the General Instructions and Definitions set forth in Plaintiff's discovery requests to the extent they seek to expand Defendant's obligations under Rules 26 and 33 of the Federal Rules of Civil Procedure.

2. Defendant objects to Plaintiff's discovery requests to the extent that they seek information protected against disclosure by the attorney-client privilege, the work product doctrine, and any and all other privileges or rules of confidentiality provided by law. This includes, but is not limited to, any discovery requests that seek, explicitly or by implication, information related to the Company's investigation and defense of the charge of

impedes the privacy of third parties. Moreover, the definitions of "Your" contained in Paragraph (a) of the Definitions extends beyond Liberty Mutual Group Inc., the named defendant and Plaintiff's former employer, to encompass "all present and former agents, employees, directors, managers, partners, members, shareholders, and representatives in all forms or capacities of any of these entities" and "all other persons acting on behalf of or under the control of the parties upon whom the interrogatories and request for production are served." Additionally, the Interrogatory is vague and ambiguous to the extent it does not define "chain of command."

Subject to and without waiving any objection, Defendant refers Plaintiff to its production in response to Request for Production No. 1, which contains organizational charts for Plaintiff's work group during her tenure.

**INTERROGATORY NO. 5:** Identify any individuals who had input into Your decision to terminate Plaintiff's employment, *i.e.*, individuals who were consulted in advance of this action, whose opinions or input were considered, and/or who were otherwise given the opportunity to weigh in before action occurred.

**RESPONSE:** Defendant objects to Interrogatory No. 5 because it is overly broad, seeks irrelevant information, and is unduly burdensome, and disproportionate, taking into account the needs of the case and other pertinent factors under Rule 26. The definition of "Your" contained in Paragraph (a) of the Definitions extends beyond Liberty Mutual Group Inc., the named defendant and Plaintiff's former employer, to encompass "all present and former agents, employees, directors, managers, partners, members, shareholders, and

representatives in all forms or capacities of any of these entities" and "all other persons acting on behalf of or under the control of the parties upon whom the interrogatories and request for production are served." The definition of "Identify" contained in Paragraph (d) of the Definitions further broadens the Interrogatory to include irrelevant, private and highly confidential data and personal identifiers, such as social security number, gender, personnel information, home address, residential and mobile telephone numbers, and personal email addresses. Moreover, the Interrogatory is vague and ambiguous to the extent it seeks information concerning who was "consulted" in advance of Plaintiff's separation from the Company, whose "input or opinions were considered," and who was "otherwise given the opportunity to weigh in," without defining any of these terms. Additionally, the Interrogatory incorrectly assumes that it was entirely Defendant's decision to terminate Plaintiff's employment.

Subject to and without waiving any objection, Defendant responds:

By September 2021, Plaintiff was expressing her dissatisfaction with Liberty Mutual to her manager Jennifer Ughetta and others and indicating she would not remain employed with the Company for long. Plaintiff's internal business partners were among those who experienced Plaintiff's resistance and expressed concerns to Ms. Ughetta. Ms. Ughetta conferred with Kathy Jonas and Latichia Fleming to obtain guidance and to determine how to proceed. After considering the circumstances, the Company ultimately separated Plaintiff's employment on September 24, 2021.

This the 8th day of April, 2024.

**/s/ Jill S. Stricklin**
Jill S. Stricklin
N.C. State Bar No. 20145
Email: jstricklin@constangy.com
**/s/ Nia K. Doaks________**
Nia K. Doaks
N.C. State Bar No. 56472
Email: ndoaks@constangy.com
CONSTANGY, BROOKS,
SMITH & PROPHETE, LLP
One West 4th Street, Suite 850
Winston-Salem, NC 27101
Telephone: 336-721-6861

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this date a copy of the foregoing **DEFENDANT'S RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES** was served on opposing counsel by email and mail, addressed as follows:


Sean F. Herrmann
Kevin P. Murphy
Herrmann & Murphy, PLLC
1712 Euclid Avenue
Charlotte, NC 28203
sean@herrmannmurphy.com
kevin@herrmannmurphy.com
*Attorneys for Plaintiff*


This the 8th day of April, 2024.


**/s/ Jill S. Stricklin**
Jill S. Stricklin
N.C. State Bar No. 20145
Email: jstricklin@constangy.com
CONSTANGY, BROOKS,
SMITH & PROPHETE, LLP
One West 4th Street, Suite 850
Winston-Salem, NC 27101
Telephone: 336-721-6861

*Attorney for Defendant*